FILED

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

Ocala Division

Marcus Johnson

Plaintiff(s)

*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

C. Jones, D. Luke, D. Engesser, FNU Perkins
FNU Blackman, FNU Joseph, FNU Whitaker
R.C. Cheatham, A. Rich, Two Unknown
Officers,

Defendant(s)

*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)*

Case No. 5:23-CV-336-PGB-PRL

*(to be filled in by the Clerk's Office)*

)
)
)
)
)
)
)
)
)
)
)
)
)

## Amended Complaint

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

### (Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name                                   Marcus Johnson AKA Righteous
All other names by which
you have been known:                   44826-424
ID Number                              U.S.P Florence
Current Institution                    P.O Box 7000
Address

                                       Florence        CO        81226
                                       City            State     Zip Code

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
    Name                               C. Jones
    Job or Title *(if known)*          CORRCRTIONAL OffICER
    Shield Number                      U.S.P Coleman (2)
    Employer                           P.O Box 1034
    Address                            Coleman        FL        33521

                                       City            State     Zip Code
                                       ☒ Individual capacity   ☐ Official capacity

Defendant No. 2
    Name                               FNU PERKINS
    Job or Title *(if known)*          LIEUTENANT
    Shield Number                      U.S.P Coleman (2)
    Employer                           P.O Box 1034
    Address                            Coleman        FL        33521

                                       City            State     Zip Code
                                       ☒ Individual capacity   ☐ Official capacity

**Defendant No. 3**

Name      D. LUKE

Job or Title *(if known)*    CORRECTIONAL OFFICER

Shield Number    U.S.P Coleman (2)

Employer    P.O Box 1034

Address    Coleman    FL    33521

       *City*      *State*      *Zip Code*

☒ Individual capacity    ☐ Official capacity

**Defendant No. 4**

Name      D. ENGESSER

Job or Title *(if known)*    CORRECTIONAL OFFICER

Shield Number    U.S.P Coleman (2)

Employer    P.O Box 1034

Address    Coleman    FL    33521

       *City*      *State*      *Zip Code*

☒ Individual capacity    ☐ Official capacity

       (Please see (Attachment-A))

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.   ( Please see Attachment - B )

A.    Are you bringing suit against *(check all that apply)*:

☒ Federal officials (a *Bivens* claim)

☐ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

N/A

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?   Excessive Force (Eighth Amendment), Due Process (Fourteenth Amendment), Freedom of speech (First Amendment)

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

 

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Defendants: C. JONES, D. LUKE, D. ENGESSER, LT PERKINS, LT BLACKMAN, TWO UNKNOWN OFFICERS, A. RICH, FNU WHITAKER, RC CHEATHAM, FNU JOSEPH,

(Please see Attachment - B)

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [ ] Convicted and sentenced state prisoner
- [x] Convicted and sentenced federal prisoner
- [ ] Other *(explain)*

## IV.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

(Please see Attachment - C)

A.   If the events giving rise to your claim arose outside an institution, describe where and when they arose.

N/A

B.   If the events giving rise to your claim arose in an institution, describe where and when they arose.

On June 21, 2018 I was beaten severely, and sexually assaulted at Federal United States Penitentiary Coleman (2) on June 22, 2018 I was beaten again at Federal United States Penitentiary Coleman (1)

Page 4 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.  What date and approximate time did the events giving rise to your claim(s) occur?

June 21, 2018 At around 10.00 AM
June 22, 2018 At around 8.00 or 9.00 AM

D.  What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

On June 21, 2018 I was Physical and sexually assaulted by correctional officers FNU PERKINS, C. JONES, D. LUKE at Coleman (2) U.S.P." On June 22, 2018 I was physical assaulted by FNU BLACKMAN, FNU WHITAKER, and Two UNKNOWN OFFICERS at "Coleman (1) U.S.P."

## V.  Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

I was transferred to Leesburg Medical Clinic, and was medically assessed by Nurses and Doctors at the hospital for my injuries. The Doctors took Pictures of my face which contained severe damage to my right eye that was swollen shut; My ribs was badly bruised, there was multiple bruises on my back, Wrists and ankles - all of which the nurse took Pictures of.

## VI.  Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

On June 21, 2018 I was beaten severly, and sexually assaulted by several correcrional officers at the Federal United States Penitentiary Coleman (2) and retaliated against by receiving another beaten by officers at "USP" Coleman (1). I respectfully request that this honorable court enter judgment in my favor against all defendants. Awarding compensatory damages, Punitive damages, and any other relief this court deems appropriate. I Plaintiff Marcus Johnson hereby demands a trial by jury on all issues triable.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## VII.   Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Federal United states penitentiary Coleman (2)
and Federal United states penitetiary Coleman (1)

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☒ No

☐ Do not know

If yes, which claim(s)?

<u>Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)</u>

**D.**    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

**E.**    If you did file a grievance:

1.    Where did you file the grievance?

The day of the sexual and physical assault at Coleman "(2) U.S. P" I was transferred to Coleman (1) "U.S.P" and started my grievance process

2.    What did you claim in your grievance?

I was beaten severely, and sexually assaulted by several correctional officers at "U.S.P Coleman (2) and retaliated against by receiving another beaten by officers at "U.S.P" Coleman (1)

3.    What was the result, if any?

Nothing at all. The same officers still work at the Federal United States coleman (2) and coleman (1) Penitentiary

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

I have Exhausted My Administrative Remedies Pursuant to BP-8, BP-9, BP-10 and BP-11 ((Please see attachment - D)

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:

_N/A_

2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

_N/A_

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_I exhausted MY Remedies (Please see attachment-D)_

*(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☒ Yes

☐ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

_Fails to state a claim 4/13/2023_

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☒ Yes

☐ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s)    Marcus Johnson Acting Pro SE
Defendant(s)    FEDERAL BUREAU of PRISONS, et al.

2.   Court *(if federal court, name the district; if state court, name the county and State)*
Central District of Florida - Ocala Division

3.   Docket or index number
5:21-CV-00266-PGB-PRL

4.   Name of Judge assigned to your case
Honorable Judge Paul G. Byron

5.   Approximate date of filing lawsuit
5-17-2021

6.   Is the case still pending?

☐ Yes

☒ No

If no, give the approximate date of disposition.    4-13-2023

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

N/A

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☒ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

      Plaintiff(s)                        N / A

      Defendant(s)                        N / A

2.    Court *(if federal court, name the district; if state court, name the county and State)*

                         N / A

3.    Docket or index number

                         N / A

4.    Name of Judge assigned to your case

                         N / A

5.    Approximate date of filing lawsuit

                         N / A

6.    Is the case still pending?

      ☐ Yes

      ☐ No

      If no, give the approximate date of disposition        N / A

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

                         N / A

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.  Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:  MAY 17, 2023

| | |
|---|---|
| Signature of Plaintiff | Marcus Johnson |
| Printed Name of Plaintiff | Marcus Johnson |
| Prison Identification # | #44886-424 |
| Prison Address | U.S.P Florence |
| | Florence     CO     81226 |
| | City     State     Zip Code |

### B.    For Attorneys

Date of signing: _____

| | |
|---|---|
| Signature of Attorney | |
| Printed Name of Attorney | |
| Bar Number | |
| Name of Law Firm | |
| Address | |
| | City     State     Zip Code |
| Telephone Number | |
| E-mail Address | |

Attachment – A

FNU BLACKMAN

LIEUTENANT

U.S.P Coleman (1)

P.O Box 1033

Coleman, FL 33521

↑

Individual Capacity


RC. CHEATHAM

WARDEN AT Coleman (1)

U.S.P Coleman (1)

P.O Box 1033

Coleman, FL 33521

↑

Individual Capacity


FNU WHITAKER

CORRECRIONAL OFFICER

U.S.P Coleman (1)

P.O Box 1033

Coleman, FL 33521

↑

Individual Capacity


FNU JOSEPH

Special Investigative Agent

(Coleman Complex)

P.O Box 1033

Coleman, FL 33521

↑

Individual Capacity


TWO   UNKNOW OFFICERS   A. RICH

CORRECRIONAL OFFICERS

U.S.P Coleman (1)

P.O Box 1033

Coleman, FL 33521

↑

Individual Capacity


Discipltnary Hearing officer

(Coleman, Complex)

P.O Box 1033  33521

Coleman, FL 33521

↑

Individual Capacity

Attachment B

1 OF 6

# BASIS FOR JURISDICTION

(1) I Plaintiff entered coleman (2) U.S.P in 2017. I had been sentenced to one-hundred-and-fifty months (150). I been diagnosed with psychological problems, and was designated as a mental care level 2, who were required to meet with my psychologist once a month. While at coleman 2, I went to the special Housing unit("SHU") for a violation of BOP rules.

(2) In or around June 21, 2018, Defendant's LIEUTENANT PERKINS, C. JONES, D. LUKE, D. ENGESSER was employed as correctional officers at Coleman      United states pententiary and was assigned to the first shift in the special housing unit. On this particular day, I was housed in SHU, and wanted to see my Doctor from Psychology. So, the range officer took me from my designated cell, to the upstairs holding area. I was placed in "Paper-clothes" based on retaliation, because I wanted to talk to psychology.

(3) LIEUTENANT PERKINS came upstairs to speak with me "why are your officers punishing me because I asked to speak to psychology"? I asked.

(4) "I'll show you punishment, you piece-of-shit!" PERKINS responded, opening the door to the holding area, without placing me and handcuffs which is against BOP policy. He noticed I had mailing stamps in my hand that the officer allowed me to retain in my possession. He stated: what is that in your hands?

(5) Stamps I replied.

(6) "With all those stamps, you must have some drugs where the fuckin drugs at?" asked PERKINS.

(7) "I don't have no drugs. All I have is these stamps" I answered.

(8) PERKINS said: "Give me the damn stamps, or we're going to beat your ass and take them".

(9) At that time, I asked to speak with psychology again, and was hit on the right-side of the face by Correctional officer C. JONES. The other officers Joined in on the assault: D. LUKE, PERKINS and officer D. ENGESSER were standing by the door.

(10) While I was on the cell floor, I was punched re-peatedly, choked from behind, and kicked in my testicles, and on my back by these white officers. I got to the point where I was on the verge of loosing consciousness. I was able to get my neck from the grip of the officer who was choking me. I begged them while gasping for breath: "PLEASE! PLEASE!, STOP! I am not resisting!" My plea fell on deaf ears, because the pounding was poured on. I tried to cover my head with my arms as I lay in a fetal position curled up, as I was being beat I kept hearing the officers call me racial slurs: "Piece of shit Monkey looking motherfucker!" one of the officers said.

(11) "This what we do to niggers like you" LIEUTENANT PERKINS said.

(12) After I was placed in handcuffs, LIEUTENANT PERKINS demanded for correctional officer C. JONES to check my rectum for drugs.

(13) C. JONES pulled my pants down below my buttocks, spreaded my buttocks, searching for drugs. I squirmed around, resisting, that's when PERKINS kicked me in the eye, spit in my face, and said: "Nigger bitch," as C. JONES inserted his finger inside my rectum and twisted left - and right.

(14) The distress alarm was hit. When officers started to enter the SHU, I screamed for help, informing the responders that I had been beaten and sexually assaulted. While in handcuffs and fetters, I was carried to the downstairs holding area. When the responder's lift, the same group of rogue officers entered the cell, and beat me again until I urinated and defacated on myself.

(15) I was transferred to Leesburg Medical Clinic, and was medically assessed by nurses and doctors at the hospital for my injuries. Based on my injuries, the nurse took pictures of my face, which contained severe damage to my right eye that was swollen shut, my ribs was badly bruised, there was multiple bruises on my back, wrists, and ankles—all of which the nurse took pictures of. A victim Rape Advocate was present as well to speak to me while the nurse examined my rectum with a Rape kit.

(16)  Leaving the hospital I was transferred to coleman (1)("SHU") Special housing Unit.

(17)  On June 22, 2018, while lying in bed, in my cell on C-Range correctional officer WHITAKER opened the cell door, without placing me in hand-cuffs, and entered the cell (3) additional officers. One of the officers was LIEUTENAT BLACKMAN, WHITAKER walked up to my bed, and yanked me by the foot until my head hit the floor. BLACKMAN, and WHITAKER, along with Two  UNKNOWN officers punched, kicked, and assaulted, Someone was yelling "you like telling on officers?" as the violent onslaught contiuned.

(18)  After an special investigation service ("SIS") I was moved from coleman (1) SHU, to coleman F.C.I which is on the same complex.

(19)  Surveillance cameras at coleman (2) captured a correctional officer escort me to the upstairs holding area in the SHU and uncuff me. The Camera also captured LT PERKINS, C. JONES, D. LUKE enter the holding cage without cuffing me first, D. ENGESSER stood at the door while these three officers was in the cell. As LT PERKINS, and D. LUKE was leaving the cell C. JONES struck me in the face with a closed-fist. The camera Captured LT PERKINS, and D. LUKE run back into the holding cell. That's when they assaulted me.

This was done June 21, 2018, in the early morning hours. The camera captured the same officers enter the holding area downstairs where the I was cuffed up. These officers is seem on camera entering the cell. They beat me until I urinated and defacated on myself.

(20) on June 22, 2018, I was housed at Coleman (1) ("USP") in special housing unit on C-Range, when LIEUTENANT. BLACKMAN, correctional officer WHITAKER, and Two UNKNOWN officers entered my cell and retaliated against me for reporting what happened at coleman (2). The camera captured these officers entering my cell without cuffing me up first.

(21) on August 22, 2018, Special investigation Agent Joseph came to see me at coleman F.C.I and got my statement about what happen at coleman(2) During my conversation with JOSEPH, he told me he had watched the tape of the incident, and saw them punching me. He typed my statement, allowed me to sign it, but not read it.

(22) on september 17, 2018, Disciplinary hearing officer (DHO) A. RICH come to see me again at Coleman (F.C.I) and told me I have to find you guilty of that assault, so, I'll be doing another hearing ⸻ on you!"

(23) You already found me not guilty. How are you going to re-hear it?"

I asked him.

(24) "SIA" Joseph, told me I have to find you guilty on this. They are sticking together on this. So, I have no choice

(25) MAY, 17, 2023

# STATEMENT OF CLAIM

## Excessive Force (Eighth Amendment)

Against: Coleman (2) correctional officers: LIEUTENANT PERKINS, C. JONES, D. LUKE; coleman (1) correctional officers: LIEUTENANT BLACKMAN, FNU WHITAKER, and TWO UNKNOWN Officers.

(26)(26) I plaintiff incorporates each paragraph of this complaint as if fully restated herein.

(27)(27) As described more fully above, Defendants PERKINS, C. JONES, D. LUKE; used force against me. That force in the form of sexual assault, was objectively unreasonable and to degrade and humiliate me.

(28)(28) Coleman (1) correctional officers: LIEUTENANT BLACKMAN, C.O WHITAKER, and TWO UNKNOWN Officers used excessive force when they physially beat me.

(29)(29) In using force against me, Defendants PERKINS, C. JONES, D. LUKE, BLACKMAN, WHITAKER, And TWO UNKNOWN offiers used extreme or excessive cruelty towards me for the purpose of causing harm, including degradation and humiliation. The actions by Defendants PERKINS, C. JONES, D. LUKE, BLACKMAN, WHITAKER, And TWO UNKNOWN officers were not in good faith effort to maintain or restore security or discipline.

(30)(30) In using force against me, Defendants PERKINS, C, JONES, D. LUKE, BLACKMAN, WHITAKER, And TWO UNKNOWN officers knew using force

presented a risk of harm to me, but recklessly
disregard that risk and my emotional and
physical safety by failing to take reasonable
measures to minimize the risk of harm.

(31)(31.) As a direct, and proxinate result of Defendants
misconduct, mine rights was violated and I
experienced injuries, including emotional
distress.

## Due Process (Fourteen Amendment)
Against: Coleman (a) Officers: PERKINS, C. JONES,
D. LUKE.

(32)(32) As described more fully above, Defendants PERKINS,
C. JONES, D. LUKE committed a serious battery, including
sexual assault, against me under the color of
federal law. In so doing, Defendants PERKINS,
C. JONES, D. LUKE denied me due process of law
in that they engaged in arbitrary goverment
action that deprived me of my liberty,
violated my right to bodily integrity, and
so malfeasant as to shock the conscience.

(33)(33) Defendants PERKINS, C. JONES, D. LUKE's actions as
was undertaken with malice, willfulness, and/or
reckless indifference to my rights and was
objectively unreasonable.

(34)(34) Defendants PERKINS, C. JONES, D. LUKE's actions as
described more fully above were committed within

the scope of their employment and under the color of federal law.

(35)(35) As a direct and proximate result of Defendant's misconduct my rights were Violated and I experienced injuries, including emotional distress.

### Failure To Intervene
Against Defendant D. Engesser

(36)(36) I plaintiff incorporates each paragraph of this complaint as if fully restated herein.

(37)(37) As described more fully above Defendant D. ENGESSER had a reasonable opportunity to prevent the violation of mine constitutional rights as set forth above had he been so inclined but failed to do so.

(38)(38) Defendant D. ENGESSER knew of a substantial risk of harm to my safelty, and could see or had the opportunity to see the harm occurring to me as I was beat and sexually assaulted by PERKINS, C. JONES, D. LUKE, but consciously disregarded the risk I was experiening by failing to take the reasonable steps to prevent the harm from occurring, or stopping it as it occurred.

(39)(39) The camera that was aimed directly at the upstairs holding area in Coleman (2) ("USP") special housing unit, Captured D. ENGESSER standing by the door watching the entire incident.

(40)(40') Defendant D. ENGESSER's failure to act was intentional, Done with malice. and/or done with reckless indifference to my rights.

(41)(41') As a direct and proximate result of Defendant misconduct mine rights were violated and I experienced injuries, including emotional distress.

## Conspiracy

Against: Defendants CHEATHAM, BLACKMAN, WHITAKER, A. RICH, SIA JOSEPH, And two UNKNOWN officers from Coleman(1) U.S.P.

(42)(42) I Plaintiff incorporates each paragraph of this Complaint as if fully restated herein.

(43)(43) Defendants, Coleman (1)("USP") officers, and UNKNOWN officers, CHEATHAM, BLACKMAN, WHITAKER, SIA JOSEPH, reached an agreement among themselves to deprive me of my constitutional rights and to protect one another from liability for depriving me of my rights, all as described in various paragraphs of this Complaint.

(44)(44) In furtherance of the conspiracy, WARDEN CHEATHAM, WHITAKER, BLACKMAN, and two UNKNOWN officers: reached an agreement among themselves to fabricate a story on federal documents to conceal the truth in regards to BLACKMAN, WHITAKER and Two UNKNOWN officers, who worked C-Range at Coleman (1) U.S.P on June 22, 2018, and entered

my cell without handcuffing me, first, and beat me in retaliation for what happened at Coleman (2) U.S.P

(45)(45.) In furtherance of this conspiracy, SIA JOSEPH, and A.RICH, reached an agreement among themselves to justify finding me guilty of an assault on Correctional officer D. ENGESSER, in which I never did. A.RICH is the Coleman complex Disciplinary hearing officer. He initially dropped tha "assault" against me. Based on SIA JOSEPH's influence over investigations at the coleman complex, (he) JOSEPH told A. RICH, he had to find me guilty of the assault. So A.RICH had another hearing and found me guilty at the request of SIA JOSEPH in order to Justify the officers actions who beat me.

(46)(46) Defendant's A.RICH, and SIA JOSEPH reached an agreement among themselves to deprive me of my constitutional rights to and to protect one anther for liability for depriving me of my rights

(47)(47.) In furtherance of the conspiracy, each of the Co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

(48)(48.) As a direct and proximate result of the illicit prior agreement referenced in paragraph 42, 43 44 and 45 my rights were violated and I suffered emotional distress.

## Retaliation (First Amendment)

Against: Defendants CHEAHAM, BLACKMAN, WHITAKER, And two unknown officers.

(49)(49') I plaintiff incorporates each paragraph of this complaint restated herein.

(50)(50.) I made statements about my sexual assault, and physical assault to prisoners and staff members. These statements addressed a matter of public concern and were protected by the first Amendment.

(51)(51) As a result of those statements, Defendants: BLACKMAN, WHITAKER, CHEAHAM, And TWO UNKNOWN officers retaliated against me, by beating me While I was housed on C-Range in the (SHU) at coleman (1). My statements were the cause and/or a motivating factor in defendant's decision to take the retaliatory actions.

(52)(52) Defendants retaliation is likely to deter first Amendment activity by me or a person in my position in the    future.

(53)(53;) I suffered a further deprivation of my Constitutional rights that deterred future first Amendment activity when I was beat by Defendants who wanted to silence me about the sexual assault from coleman (2)("U.S.P").

(54)(54) As a result of defendants misconduct, Mine rights was violated and I experienced injuries, including emotional distress.

### Florida State Law, Assault & Battery

Against Defendants: PERKINS, C. JONES, D. LUKE BLACKMAN, WHITAKER, And Two UNKNOWN officers

(55)(55) Pleading in the alternative, and in the manner described more fully above, Defendants PERKINS, C. JONES, D. LUKE, BLACKMAN, WHITAKER, And Two UNKNOWN officers made physical contact with me without valid cause. That physical contact was offensive and harmful

(56)(56) As described more fully above Defendants PERKINS, C. JONES, D. LUKE, BLACKMAN, WHITAKER, And TWO UNKNOWN officers intended to harm and/or frighten me without valid cause. Their actions did in fact cause me to fear apprehension.

(57)(57) As a direct and proximate result of defendants misconduct I did experience injuries, including emotional distress.

### Florida State Law, Sexual Abuse

Against Defendants: PERKINS, C. JONES, D. LUKE

(58)(58) I plaintiff incorporates each paragraph of this

Page 8 of 9

Complaint, as if fully restated herein.

(59)( 59) In the mannerer described more fully above, Defendants PERKINS, C. Jones, D. Luke's actions were done intentionally, willfully and wantonly, or with such reckless disregard for their natural consequences as to constitute the tort of sexual abuse under the laws and constitution of the state of Florida.

(60)( 60) As a direct and proximate result of Defendants PERKINS, C. Jone, D. Luke misconduct I experienced injuries, including emotional distress.

Florida State Law. Infliction of Emotional Distress Against: PERKINS, C. Jone, D. Luke

(61)( 61;) Pleading in the alternative, and in the manner described more fully above, Defendants PERKINS, C. Jones, D. Luke engaged in extreme and outrageous conduct when they beat me, and sexually assaulted me in the upstairs holding area at coleman ② ("U.S.P") looking for drugs, that never existed.

(62)( 62) Defendant's PERKINS, C. Jones, and D. Luke's actions as set forth above were rooted in an abuse of power or authority.

(63)( 63) Defendants PERKINS, C. Jones, D. Luke actions were undertaken intentionally or with knowledge that there was a high probability that the conduct would inflict severe emotional distress and

PAGE 9 OF 9

with reckless disregard of that probability.

(64)(64) Defendants PERKINS, C. JONES, D. LUKE actions as set forth above were undertaken intentional, with malice, and/or reckless indifference to my rights

(65)(65) As a direct and proximate result my rights was violated and I experienced injuries, including emotional distress.

(66)(66) May 17, 2023

(67)(67) I respectfully request this Honorable court enter judgment in my favor against all Defendants, awarding compensatory damages, punitive damages, and any relief this court deems appropriate.

Attachment - D     Page 1 of 3

```
FLPF3            *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      05-19-2023
PAGE 002          *             SANITIZED FORMAT              *      11:35:52
REMEDY-ID    SUBJ1/SUBJ2  -------------------ABSTRACT-----------------------
             RCV-OFC     RCV-FACL     DATE-RCV      STATUS     STATUS-DATE


898186-F1    37AS/       PREA STAFF
             VIP         VIP          03-30-2017    CLO        04-19-2017

946694-F1    37AS/34DS   ALLEGE 6/21 PHY/SEX ASSAULT BY STAFF @ CLP
             COP         COP          07-13-2018    CLO        07-26-2018

950148-F1    34DM/37AM   ALLEGES ON 6-21-18 STAFF PHYSICAL/SEXUAL ASSAULT
             COP         COP          08-14-2018    CLO        09-17-2018

946694-R1    37AS/34DS   ALLEGE 6/21 PHY/SEX ASSAULT BY STAFF @ CLP
             SER         COM          08-24-2018    CLO        10-18-2018

952128-F1    34AM/       ALLEGES PSYCHOLOGIST REFUSE TO SEE HIM
             COM         COM          08-30-2018    CLO        09-18-2018

952129-F1    34AM/       ALLEGES PSYCHOLOGIST REFUSE TO SEE HIM
             COM         COM          08-30-2018    CLO        09-18-2018


G0002      MORE PAGES TO FOLLOW . . .
```

```
FLPF3              *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *        05-19-2023
PAGE 008           *            SANITIZED FORMAT                  *        11:35:52
REMEDY-ID     SUBJ1/SUBJ2  -------------------ABSTRACT-----------------------
              RCV-OFC     RCV-FACL     DATE-RCV     STATUS    STATUS-DATE


946694-R2     37AS/34DS   ALLEGE 6/21 PHY/SEX ASSAULT BY STAFF @ CLP
              SER         COM          04-09-2019   REJ        06-06-2019


954089-R3     27AM/       ALLEGES STAFF SEXUALLY HARRASSED HIM
              SER         COM          04-09-2019   REJ        06-06-2019


963207-R2     20DM/       DHO APPEAL
              SER         COM          04-09-2019   REJ        06-06-2019


979958-R1     34AM/       MISCONDUCT
              SER         COM          04-09-2019   REJ        06-06-2019


974362-F1     34AS/       CRUEL AND UNUSUAL PUNISHMENT.
              COM         COM          04-15-2019   CLO        04-16-2019


960968-R1     34AS/       PSY STAFF WROTE INACCURATE INFO SUICIDE RISK ASSESSM
              SER         COM          04-15-2019   REJ        06-10-2019


G0002      MORE PAGES TO FOLLOW . . .
```

```
 FLPF3              *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *       05-19-2023
PAGE 009            *              SANITIZED FORMAT              *       11:35:52
 REMEDY-ID    SUBJ1/SUBJ2  -------------------ABSTRACT-----------------------
              RCV-OFC     RCV-FACL    DATE-RCV     STATUS    STATUS-DATE


 980907-R1    20DM/       DHO HEARING DATE 11-26-18, CODE 205
              SER         TCP         04-26-2019    REJ       06-13-2019


 946694-A1    37AS/34DS   ALLEGE 6/21 PHY/SEX ASSAULT BY STAFF @ CLP
              BOP         TCP         08-05-2019    REJ       08-30-2019


 1035239-F1   26ZM/       MEDICAL COMPLAINT/MEDICATION
              TCP         TCP         07-23-2020    REJ       07-23-2020


 1097872-R1   20DS/       DHO HEARING 09-17-2021, CODE 205
              SCR         BMP         10-08-2021    CLD       12-03-2021


 1105315-R1   20DS/       DHO HEARING 11-30-2021; CODE 306
              SCR         BMP         12-22-2021    CLD       02-11-2022


 1097872-A1   20DS/       DHO HEARING 09-17-2021, CODE 205
              BOP         BMP         02-02-2022    REJ       02-17-2022


 G0002      MORE PAGES TO FOLLOW . . .
```

Affidavit of Marcus Johnson

(1).    I HEREBY SWEAR UNDER THE penalties of perjury.18 U.S.C.-
1746, that I am the above person executing  this Sworn Affidavit,
and I have direct, and personal knowledge of the events contained
herein:

(2).    On June 21,2018, I was housed at Coleman United States. Pen-
tentiary, Special Housing Unit for a violation of Bureau of Prisons
rules. While in the ("SHU"), I informed the Correctional Officer that
were working the Range, that I needed to speak with someone from the
Psych': ꞗ Department, Because I was having thoughts of hurting  my-
self. The Officer pulled me out my cell, and took me to the Hold-
ing Area upstairs and put me in Paper Clothes.  I asked to speak
with Lieutenant Parkins, because I were being placed in Paper Clo-
thes, because I asked to speak with someone from Psychology. And,
Paper Clothes were a punishment from these Officers for my mental
defects.

(3).    Lieutenant Perkins came upstairs because I asked to speak
to him. I basically asked him: "Why are your Officers punishing me,
because I requested Psychology?"

(4).    Perkins said: "I'll show you punishment, you perverted
piece of shit." He then opened the door without placing me in cuffs.
He noticed I had mailing stamps in my hand that the Officer allow-
ed me to retain in my possession. He stated: "What is that?"

1.

(5).   "Stamps," I replied.

(6).   Perkins said: "Give 'em to me,they are mines now." His
face was twisted, as if he was angry.

(7).   I told him, "I'm allowed to have sixty stamps for mailing
purposes, which is BOP Policy. And ya'll are harassing me because
I wanna talk to Psych'."

(8).   Perkins' said:"With all those stamps, you must have some
drugs."Where the fucking drugs?"

(9).   "I don't have no drugs. All I have is these stamps. Noth-
ing else." I replied.

(10).   Perkins stated: " Give me the damn stamps, or we're going
to beat  your ass and take 'em."

(11).   At that time, I asked to speak to Psych again, and was
hit on the right-side of my face by a white Correctional Officer
name C. Jones. Correctional Officer D. Luke, and Lieutenant Per-
kins, joined in on the assault. D. Engesser stood by the door watch-
ing the  entire incident.

(12).   While I was on the ground, I was punched repeatedly,choked
from behind, and kicked in my testicles,and on my back by these
Officers. I got to the point where I was on the verge of loosing
consciousness. I was able to get my neck from the grip of the Offi-
cer who were choking me. I begged them while gasping for breath:
"PLEASE! PLEASE!,STOP! I am not resisting!" My plea fell on deaf
ears,because the pounding was poured on. I tried to cover my head
 with my arms as I lay in a fetal position curled up,as I was

2.

kicked in the stomack, back, and testicles. I kept hearing the officers call me racial slurs: "piece of shit, Monkey looking motherfucker!" one of the Officers said.

(13).  "This what we do to niggers like you." Lieutenant Perkins said. I knew his voice, because I've spoken to him various times, but I didn't know the other voice. Then, I heard Perkins say: "Cuff the fuck up!" he screamed.

(14).  I put my hands behind my back, with my face smashed against the floor. I was placed in handcuffs, still on the floor. While in restraints, Lieutenant Perkins told Officer C. Jones: "Check his ass for  drugs!"

(15).  C.Jones pulled my pants down, spreaded my buttocks east-and-west. "I don't see anything," said Jones.

(16).  I started resisting by squirming my lower body away from C.-Jones, because he had my  buttocks in his hands. Lieutenant Perkins kicked me in the eye, spit in my face and called me a "Nigger bitch."

(17).Officer C.JONES  stuck his finger inside my rectum, and twisted, as if he was a Doctor. I screamed and yelled for help while this were happening to me. Someone pressed the distress alarm, and I heard one of the Officers' say:"Come on, their coming." Someone pulled my pants up, and while on the floor, I was placed in leg shackles.

(18).  They carried me downstairs  by the handcuffs and shackles. I was placed in the downstairs Holding Area. I  screamed and told the Correctional Officers who had responded to the "alarm" that "I was sexually assaulted, and beaten by them!" When everyone left, the same Officers came into  the Downstairs Holding area, and beat me until I defacated and urinated on myself.

3.

(19).    After the second beating, Special Investigation Services
("SIS") came to see me with Psychologist Sierra. They spoke to me
regarding what transpired. Both of them were nonchalant about my
injuries and sexual abuse. SIS tried to make it appear as though,
I was not suicidal, and that I only wanted to get out the cell
with my cellmate. Sierra made me feel like committing suicide
because  she didn't believe me. Her attitude was nasty towards me.
She never mentioned anything about the Rape Crisis Center Victim
Advocate Program, or that RCCUAP was provided by the institution.I
really felt like killing  myself because I were not treated with
any sense of empathy,compassion, or respect,or a victim of a ser-
ious  sexual assault/ battery. The two of them treated me as if
nothing happened to me at all. While we were speaking,
Sierra said: "What's that smell."

(20).    I said: "I shitted on myself when they beat me downstairs."
No one said a thing. They continued the interview and left. Eight
hours later I was transferred to Leesburg Medical Clinic for treat-
ment.

(21).    No Medical staff from the prison assessed my injuries while
 at Coleman 2 on this particular night.

(22).    I was transferred to Leesburg Medical clinic and was assessed
by Nurses and doctors at the hospital for my various injuries. The
Nurse asked me about the sexual assault, and I explained to her how
the Correctional Officer stuc  his finger inside my anus. She per-
formed an examination on me involved a Rape Kit. She also took

4.

pictures of the many bruises I received from the physical assault. She took pictures of my bruised ribs, footprints that were on my back; she also took pictures of my eye that were swollen shut from being kicked in the face by Lieutenant Perkins.

(23).    I was at Leesburg Medical Clinic for like two or three hours.

(24).    Once I left Leesburg Medical Clinic, I went to Coleman 1 (Special Housing Unit), on C-Range. The next day, on June 22, 2018, I was asleep in my cell and the door opened. Correctional Officer Whitaker opened the door, and came in the cell with Lieutenant Blackman, and two unknown Officers. C.O Whitaker walked up to my bed and pulled me by the foot until my head hit the floor, and he punched me in the face, and said: " You like telling on Officers?!" At that time, I covered my head, and I felt multiple punches to my back, ribbs, and I heard someone say:" That's enough! He's not resisting!" That's when the officers stop hitting me. I was taken to the outside Recreation Area, with no shoes on, for hours, in restraints. Multiple Correctional officers threatened me with retaliation for what happened at Coleman 2. On various days staff would not feed me lunch. Sometimes, they would go the entire day without feeding me. After I filed my Administrative remedies in regards to the assault from Coleman 1, I was transferred to Coleman Federal Correctional Institution, which is still on the Complex for all Coleman Federal Prisons.

5.

(25).    On August 22,2018, Special Investigation Agent Joseph came to see me at the "FCI", and got my statement on what happened at Coleman 2. During my conversation with Joseph, he told me he had watched  the tape  of the incident, and saw them punching me. He wanted to know exactly what happened, and I told him all the  details of what the Officers did to me. He typed my statement, allowed me  to sign it, but not read it.

(26).    On September 17,2018, Disciplinary Hearing Officer ("DHO") A. Rich came to see me at the ("FCI"), and told me: "I have to find you guilty of that assault, so, I'll be doing another hearing on you."

(27).    "You already found me not guilty. How are you going to re-hear it?" I asked him.

(28).    "SIS Joseph,told me I have to find you guilty on this.They are sticking together on this. So,I have no choice."

(29).    FURTHER AFFIANT SAYETHNOT.

(30).    Dated:  8-4-22

MARCUS Johnson 44836-424 ,24
U.S.P McCreary
P.O Box 3000
Pine, Knot 42635

6.